IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY BREDFIELD,<br><br>    Plaintiff,<br><br>  vs.<br><br>POLICE OFFICER, CITY OF HAYWARD,<br><br>    Defendant. | No. C 05-2109 JSW (PR)<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **AS MOOT, AND DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>(Docket no. 6) |

## INTRODUCTION

Plaintiff, a prisoner of the state of California, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Central District of California. Plaintiff paid the full $250.00 filing fee. At the time, Plaintiff was confined at Atascadero State Hospital. The district court dismissed the complaint with leave to amend because Plaintiff failed to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Thereafter, Plaintiff filed a first amended complaint from the Siskiyou County Jail. The only named defendant was "Police Officer for City of Hayward." In an order dated May 9, 2005, the district court ordered the complaint transferred to the Northern District on venue grounds. On October 25, 2005, Plaintiff notified this Court that he now is incarcerated at High Desert State Prison in Susanville, California.

## DISCUSSION

Plaintiff alleges that in April of 1999, he was hit in the head by a police officer for the city of Hayward. He maintains that as a result he suffered permanent brain injury which makes it difficult for him to think and perceive things. He states that he was wrongfully accused and is not guilty of the crime for which he now is incarcerated. He alleges ineffective assistance of trial counsel. He seeks an investigation into his illegal incarceration and monetary damages.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff seeks damages for the alleged violation of his constitutional rights in connection with his conviction and imprisonment. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. The court

should not stay any § 1983 claim for damages implicating the validity of a criminal conviction or sentence until state criminal and collateral proceedings are completed. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997). *Heck* makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90 (footnote omitted). This means that any such claim is not cognizable and therefore should be dismissed. *See Edwards*, 520 U.S. at 649; *Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997) (claim barred by *Heck* may be dismissed under Rule 12(b)(6)); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by *Heck* may be dismissed sua sponte and without prejudice under 28 U.S.C. § 1915).

Plaintiff alleges that because of the force used against him by a Hayward police officer he suffered a brain injury which led to his unlawful conviction and imprisonment. He asks the Court to order a full investigation of the surrounding circumstances and for damages for his illegal imprisonment. Because Plaintiff's claim would, if meritorious, imply the invalidity of his state conviction and imprisonment, this action must be DISMISSED. The dismissal is without prejudice to Plaintiff bringing a new action raising this claim should he satisfy the *Heck* pleading requirements.

## CONCLUSION

For the forgoing reasons, the complaint is hereby DISMISSED without prejudice. The motion for leave to proceed *in forma pauperis* is DENIED as moot because Plaintiff paid the filing fee. (Docket no. 6.) The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: January 3, 2006

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

Order Granting Leave to Proceed In Forma Pauperis
P:\pro-se\sj.jf\cr.01\Ortiz033           3